Helen F Dalton & Associates, PC
Helen F. Dalton (HD 3231)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSE MOLINA HERNANDEZ, on his own behalf and others similarly situated

                Plaintiff,

-against-

Rotunda Realty Corp.,
Sonia Essebag, an individual,
and Rose-Ann Weinstein, an individual,

                Defendants.
-----------------------------------------------------------X



JUDGE KOELTL

07 CIV 5955

COMPLAINT

JURY TRIAL DEMANDED

RECEIVED
JUN 22 2007
U.S.D.C. S.D.N.Y.
CASHIERS

1. Plaintiff, JOSE MOLINA HERNANDEZ (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

2. Plaintiff, through undersigned counsel, brings this action against ROTUNDA REALTY CORP., SONIA ESSEBAG an individual and ROSE-ANN WEINSTEIN an individual (collectively, "Defendants"), to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at the ROTUNDA REALTY CORP., in New York, New York

3. Plaintiff was employed by Defendants to work as a laborer at the ROTUNDA REALTY CORP., from approximately July 22, 2002 until his employment was terminated on May 4, 2006 Although Plaintiff worked approximately

1

eighty and a half (80.5) hours or more per week during the period of July of 2002 through May of 2006, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. Although Plaintiff was working at ROTUNDA REALTY CORP., from approximately July 22, 2002 until December 31 of 2004 and from January 1, 2005 until December 31, 2005 and January 1, 2006 until May 4, 2006, Defendants failed to pay Plaintiff minimum wages of $5.15, $6.00 and $6.75 per hour, respectively, for these periods, in accordance with the New York Minimum Wage Act, New York Labor Law §652.

5. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

10. Plaintiff, Jose Antonio Molina, resides at 110-21 37 Avenue Corona, NY 11368, in Queens County, New York and was employed by Defendants at

2

ROTUNDA REALTY CORP., in New York, New York from on or about July 22, 2002 until May 4, 2006

11. Upon information and belief, Defendants, ROTUNDA REALTY CORP., is a corporation organized under the laws of New York with a principal executive office at 495 Broadway, New York, New York 10012.

12. Upon information and belief, Defendants, ROTUNDA REALTY CORP., is a corporation authorized to do business under the laws of New York.

13. Upon information and belief, Defendant SONIA ESSEBAG, owns and/or operates ROTUNDA REALTY CORP. that does business under the name "ROTUNDA REALTY CORP.," at 495 Broadway, New York, New York 10012.

14. Upon information and belief, Defendant Defendants SONIA ESSEBAG, is the Chairman of the Board of ROTUNDA REALTY CORP.,

15. Upon information and belief, Defendant SONIA ESSEBAG, is the Chief Executive Officer of ROTUNDA REALTY CORP.,

16. Upon information and belief, Defendant SONIA ESSEBAG, is an agent of ROTUNDA REALTY CORP.,

17. Upon information and belief, Defendant SONIA ESSEBAG, has power over personnel decisions

18. Upon information and belief, Defendant SONIA ESSEBAG, has power over payroll decisions

19. Defendant Sonia Esswbag has the power to hire and fire employees at the ROTUNDA REALTY CORP., establish and pay their wages, set their work schedule, and maintains their employment records

20. During relevant times, Defendant SONIA ESSEBAG, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

21. Upon information and belief, Defendant ROSE-ANN WEINSTEIN, owns and/or operates ROTUNDA REALTY CORP that does business under the name "ROTUNDA REALTY CORP.," at 495 Broadway, New York, New York 10012.

22. Upon information and belief, Defendant Defendants ROSE-ANN WEINSTEIN, is the Chairman of the Board of ROTUNDA REALTY CORP.,
23. Upon information and belief, Defendant ROSE-ANN WEINSTEIN, is the Chief Executive Officer of ROTUNDA REALTY CORP.,
24. Upon information and belief, Defendant ROSE-ANN WEINSTEIN, is an agent of ROTUNDA REALTY CORP.,
25. Upon information and belief, Defendant ROSE-ANN WEINSTEIN, has power over personnel decisions
26. Upon information and belief, Defendant ROSE-ANN WEINSTEIN, has power over payroll decisions.
27. Defendant Rose-Ann Weinstein has the power to hire and fire employees at the ROTUNDA REALTY CORP., establish and pay their wages, set their work schedule, and maintains their employment records.
28. During relevant times, Defendant ROSE-ANN WEINSTEIN, was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.
29. On information and belief, ROTUNDA REALTY CORP., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000

## STATEMENT OF FACTS

30. Plaintiff, Jose Antonio Molina, was employed by Defendants at the ROTUNDA REALTY CORP., in New York, New York, between approximately July 22, 2002 and May 4, 2006.
31. During his employment by Defendants at ROTUNDA REALTY CORP., Plaintiff's primary duties were, working as a Security Guard, securing floor, watching for suspicious activities and performing other miscellaneous duties as directed by supervisors and managers.

4

32. Defendants usually created work schedule, requiring Plaintiff to work well more than forty (40) hours per week.

33. Plaintiff, Jose Antonio Molina, was employed by Defendants to work as a Security Guard, between approximately July 22, 2002 until his employment was terminated on May 4, 2006. Although Plaintiff worked approximately eighty and a half (80.5) hours or more per week during the period of July of 2002 through May of 2006, Defendants did not pay Plaintiff time and a half for hours worked over forty, a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

34. In fact, the schedule created by Defendants required Plaintiffs to work approximately eighty and a half (80.5) hours per week.

35. Despite the long hours that Plaintiff worked for Defendants, Defendants did not pay Plaintiff the required minimum wage from July 22, 2002 until May 4, 2006.

36. At all relevant times, Plaintiff did not receive any tips or bonuses during his employment.

37. At all relevant times, the FLSA, 29 U.S.C. §206 has required Defendants to pay Plaintiff a minimum wage of $5.15 per hour from July 22, 2002 until December 31, 2002; $6.00 per hour from January 1, 2005 until December 31, 2005; and $6.75 from January 1, 2006 until May 4, 2006.

38. At all times, the New York Minimum Wage Act, New York Labor Law §652 had required Defendants to pay Plaintiff minimum wages of between $5.15, $6.00, and $6.75 an hour.

39. Defendants have willfully failed to pay Plaintiff minimum wages for his services and labor, and in so doing have willfully violated the requirements of New York State Minimum Wage laws.

40. At all relevant times, both Federal and New York State law have required Defendants to pay Plaintiff overtime wages at a wage rate of one and a half (1.5) times his regular rate for hours worked in excess of forty (40) hours per week.

41. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week

42. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff is entitled for all hours worked over forty (40) in a workweek.

43. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the company as required by both NYLL and the FLSA.

44. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

45. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at a minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act.

46. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## **FIRST CAUSE OF ACTION**
### Minimum Wages Under The Fair Labor Standards Act

47. Plaintiff re-alleges and incorporated by reference all allegations in all preceding paragraphs.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

49. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. Plaintiff worked approximately eighty and a half (80.5) hours or more per week during the period of July of 2002 through May of 2006.

52. Defendants willfully failed to pay Plaintiff(s) his overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §206(a) and 29 U.S.C. § 207 (a)(1).

53. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

54. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

57. At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law.

58. Defendants failed to record, credit or compensate Plaintiff the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law §62.

59. Defendants also failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

7

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to one-quarter of his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

### THIRD CAUSE OF ACTION
#### Overtime Wages Under The Fair Labor Standards Act

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216 (b).

63. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

64. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

65. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

66. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to their compensation of Plaintiff.

67. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216 (b).

68. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day he worked more than

ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 NYCRR § 142-2.4.

69. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid spread of hour compensation, reasonable attorney's fees, and costs of the action, pursuant to N.Y. Labor Law § 663(1).

70. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods and services for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

71. At all times relevant to this action, Defendants were engaged in commerce or the production of goods and services for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

## FOURTH CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

74. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

75. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to one-quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a   Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b   Awarding Plaintiff unpaid minimum wages and overtime wages;

c.  Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d   Awarding Plaintiff prejudgment and post-judgment interest;

e.  Awarding Plaintiff the costs of this action together with reasonable attorney's fees; and

f   Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 8th day of June 2007.

/s/ Helen Dalton
Helen F. Dalton, Esq. (HD 3231)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

Case 1:07-cv-05955-GWG    Document 1    Filed 06/22/2007    Page 11 of 11