UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE MOLINA HERNANDEZ, on his own behalf and
others similarly situated.

                       Plaintiff,            Interrogatories

                                                  **07 CIV 5955 (JGK)**

    -against-                                    JURY TRIAL
                                                     DEMANDED

Rotunda Realty Corp.,
Sonia Essebag, an individual,
and Rose-Ann Weinstein, an individual,

                       Defendants
                                    X

      PLEASE TAKE NOTICE that pursuant to Article 31 of the Civil Practice Law and Rules, plaintiff, Jose Molina, by his attorneys, hereby requests that defendant, Rotunda Realty Corp., Sonia Essebag, an individual, and Rose-Ann Weinstein, an individual, answer the following interrogatories in accordance with CPLR 3133 within twenty (20) days hereof.

### DEFINITIONS

In these interrogatories, the following definitions shall apply:

1. "Plaintiff" means Jose Molina Hernandez

2. "Defendants" means defendants Rotunda Realty Corp., Sonia Essebag, an individual, and Rose-Ann Weinstein, an individual, and any of its predecessors and/or successors in interest, divisions, subsidiaries, officers, directors, managers, employees, attorneys and agents, and any other person acting for it or on its behalf.

3. "Answer" means the Answer filed by Defendants in the above captioned action on July 27th, 2007

4 "And" and "or" include both the conjunctive and disjunctive as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope. The use of a singular form of any word includes the plural, and vice-versa

1

5. "Document" refers to and includes the original or any copy of books, records, reports, memoranda, notes, letters, telegrams and cables, telexes, diaries, opinions, summaries, schedules, graphs, charts, contracts, booklets, circulars, bulletins, instructions, guidelines, handbooks, written procedures, minutes, photographs, purchase orders, bills, checks, tabulations, questionnaires, tapes, surveys, messages, correspondence, tables, drawings, sketches, financial statements, computer printouts or programs, microfilms, records of meetings, conferences or telephone communications, and preliminary versions, drafts or revisions of any of the foregoing, as well as any other tangible thing on which information is recorded in writing or sound or in any other manner and including supporting, underlying, or preparatory materials, and shall include every such document known to plaintiff or his counsel, whether or not in their possession, custody or control.

6. "Communication" means any oral, written or electronic transmission of information, facts, opinion, belief, idea inquiry or statement, including, but not limited to, any letter, correspondence, electronic mail message, note, memorandum, conversation, meeting discussion, telephone call, facsimile, telegram, telecopy, telex, seminar, conference, audio or visual presentation or message.

7. "Person" means natural persons, groups of natural persons acting as individuals, groups of natural persons acting in a collegial capacity (e.g., as a committee, board of directors, etc.), government ministries, agencies, offices, departments or other units thereof, corporations, partnerships, associations, joint ventures, proprietorships, or any other incorporated or unincorporated business or social entity.

8. "State in detail" or "describe in detail" means provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatories have reference, including but not limited to, an identification of all persons, communications, acts, transactions, events, agreements, recommendations and documents necessary or desirable to make such statement or description complete.

9. "Identify," when used in connection with a writing, document or written communication, means to state, in the answer in each instance, whether or not such document is known to be in existence at the time of making the answer, and to set forth: (a) the date, type of document (e.g., letter, memorandum, etc.), author, addressees, all recipients, title and filing identification number; (b) the present or last-known location and custodian of the document and all copies thereof; and (c) a summary of the contents of the writing or document. In lieu of such identification, you may annex a copy of the document to your answer to the interrogatory.

10. "Identify," when used with reference to a natural person means to state, in the answer in each instance, his or her full name, present or last-known residence address, and his or her occupation or business (including the name and address of his present employer) and position, if known. When used with reference to any particular person, the information other than the full name need be given only once.

11. "Identify," when used with reference to a corporation, partnership, association, joint venture, subsidiary, managing agent, firm or other business enterprise or legal entity, means to state, in the answer in each instance, the full name and address of such entity, its affiliation, including in the case of a corporation, its parent, if any, and in the case of a partnership or joint venture, its partners or members of the venture, and a brief description of the primary business in which such entity is engaged. With respect to any particular entity, the information other than the full name need be given only once.

2

12. "Identify," when used in connection with an oral communication, means to state, in the answer in each instance: (a) the identities of the persons communicating; (b) the recipient and intended recipient of the communication; (c) the identity of each person present or otherwise aware of the substance of the communications; (d) the date and the time when, and place where, it was made; (e) the identity of any document or writing which embodies, records, reflects or otherwise refers to such oral communication; and (f) the contents of the communication.

13. "State in detail" or "describe in detail" means provide a narrative statement or description, phrased in specifics, of the facts or matters to which the interrogatories have reference, including but not limited to, an identification of all persons, communications, acts, transactions, events, dates, agreements, recommendations and documents necessary or desirable to make such statement or description complete.

14. "Concerning" means referring to, relating to, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, mentioning, studying, analyzing, discussing or evaluating, directly or indirectly.

15. "Including" is used for illustration and not by way of limitation.

## INSTRUCTIONS

1. Unless another time period is encompassed by the interrogatory, each interrogatory refers to and includes the period from July 22nd, 2002 through the date of the response to the interrogatory.

2. These interrogatories call for all information (including information contained in or on writings, recordings, photographs, or any tangible thing or material) that is known or available to you, including all information in the possession of your employees, agents, attorneys, accountants, auditors, or other professional personnel acting on your behalf, or under your or your attorneys' employment, direction and/or control

3. If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and answer such interrogatory to the extent you deem possible. Specify the portion of such interrogatory you claim you are unable to fully and completely answer, and further specify the facts on which you rely to support your contention that you are unable to answer the interrogatory fully and completely. State the knowledge, information or belief you have concerning the unanswered portion of such interrogatory, and state fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make inquiries and to secure the information necessary to answer that interrogatory.

4. If any responsive document was in the possession or control of plaintiff, but has been disposed of, lost, discarded or destroyed, identify each such document by (1) specifying its author, addressee, date, subject matter and all persons to whom copies were furnished; (2) describing the contents of the document, stating when the document was in the control or possession of plaintiff; (3) stating the location of the disposed documents, the date or approximate time of disposition; and (4) designating the person

responsible for the loss, destruction or discarding of the document, and the reason for the loss, destruction or discarding

5. If any interrogatory calls for a document or non-written communication which you claim to be privileged, state the ground upon which the claim of privilege is made and identify each such document or non-written communication. In identifying such document or non-written communication you may substitute for a summary of its contents, principal terms or provisions, a statement of the subject matter to which it relates. The fact that an interrogatory calls in part for documents or non-written communications which you claim to be privileged is not a basis for you to fail to identify fully all documents or non-written communications called for by such interrogatory as to which no privilege is claimed.

6. Documents produced pursuant to CPLR 3131 should be expressly identified to the interrogatory to which they pertain.

**INTERROGATORIES**

1. With respect to Defendant's Rotunda Realty Corp., legal composition and business:

a. state the date of Defendant Rotunda Realty Corp., incorporation;

b. state each state other than New York State, if any, in which Defendant Rotunda Realty Corp., was licensed or otherwise authorized to do business since May of 1993 and the date it obtained the license or authorization;

c. state the address of each place of business which Defendant Rotunda Realty Corp., maintained since July 22nd, 2002 to the present, the date on which plaintiff commenced business at each location and, if it ceased doing business at any location, the date thereof;

d. describe the business in which Defendant Rotunda Realty Corp., was engaged at each place of business which it maintained since July of 2002 to present;

e. state the name or names of all persons, currently or formerly employed by Defendant Rotunda Realty Corp., having knowledge of the facts involved in this action, together with a brief description of the employment duties of each such person

2. With respect to the Defendants Sonia Essebag, an individual, and Rose-Ann Weinstein, an individual,
a. State the full names of each Defendant

b State the addresses of each Defendant's residence

c. State the positions occupied by each of the Defendants with Rotunda Realty Corp.,

d. State the relationship, if any, between the Plaintiff and each of the defendants.

4

3. State whether or not the parties had an agreement with respect to the employment of the Plaintiff by the Defendants, alleged in the complaint and, if they did,

a  state the date when and the place where the agreement was reached;

b. state the names of the individuals who entered into an agreement on behalf of the respective parties;

c. state if any part of the agreement was conducted in or reduced to writing, including any written proposals or correspondence, and if so, set forth a legible copy thereof;

d. state if any part of the agreement was conducted orally and, if so, state the sum and substance thereof.

4. With respect to the employment of the Plaintiff by the Defendants

a. State what responsibilities were assigned to the Plaintiff while an employee of the Defendants.

b. State the names of the individual(s) directly responsible for the supervision of the Plaintiff

c. State the names of the individual(s) directly responsible for the payment of wages to the Plaintiff.

5  With respect to the employment records

a.  State whether the employer kept accurate records of the Plaintiff's hours and wages throughout Plaintiff's employment by the Defendants

b   IF so, please provide a copy of these documents

c.  State what payroll system was used by the Defendants

d. State where data resulting from the use of this system was stored.

e. Identify individuals who had access to that system and the records

6. Identify each document, each communication (oral and written) and describe each fact, identifying each person having knowledge of any such fact, which you relied upon to support your allegations in your Answer:

a. that plaintiff claims are barred in whole or in part by the applicable Statute of Limitations;

7. State whether Plaintiff is currently employed by the Defendants.

a. If the response to Interrogatory No  7 is "No"

b. State in detail when the employment was terminated.

c. Identify the person(s) who terminated the employment.

d. State in detail the reasons given for terminating the employment.

e. Identify each document concerning the termination of the employment or the reasons for such termination, and attach a copy of each document to your response to this interrogatory.

8. Did the employer display following information in a conspicuous place at the worksite:

a. Current New York State Minimum Wage and Overtime Requirements in a conspicuous place

b. Current Federal Minimum Wage and Overtime Requirements in a conspicuous place

c. If the answer to the preceding questions (a) or (b) yes, describe where

9. Identify each individual with information on the hours worked and wages paid by the Defendants to the Plaintiff

a. state if each individual is presently employed by the Defendants and, if so, state the nature of his or her employment duties, his or her employment title, if any, and the date on which his or her employment with plaintiff commenced;

b. state if each individual was employed by the Defendant at the times mentioned in the complaint and, if so, state the nature of his or her employment duties and his or her employment title, if any, at such times, the date on which his or her employment with plaintiff commenced and the date, if any, on which his or her employment with plaintiff terminated;

c. if he or she was employed by Defendants, but is not so employed at the present time, state his or her residence address last known to plaintiff and his or her employer's name and address last known to plaintiff

10. Set forth legible copies of all correspondence and written communications exchanged by the parties in connection with the employment stated in the complaint or mentioned or identified in the answers to these interrogatories, and set forth legible copies of any other documents mentioned or identified in the answers to these interrogatories, unless legible copies of such correspondence, communications, contracts, agreements, addenda, and documents have been elsewhere set forth in response to these interrogatories.

11. As to each of the answers to these interrogatories,
a. state the names and titles, if any, of all individuals who participated or assisted in preparing or supplying any information given in answer to these interrogatories, or who prepared or supplied any answer, indicating in the case of each such individual the

interrogatory number for which he or she prepared or supplied any information or answer;

b. unless described or identified elsewhere in the answers to these interrogatories, describe by means sufficient for identification:

(1) all sources, documentary or human, consulted for the purpose of preparing each such answer;

(2) all other sources of information, if any, used in preparing each such answer

PLEASE TAKE NOTICE that a copy of plaintiff's answers in the form prescribed by N.Y. C.P.L.R. 3134(a) must be served upon the undersigned within 20 days after the service of these interrogatories.

Dated: This 30th day of October 2007

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

**07CIV5955 (JGK)**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MOLINA HERNANDEZ, on his own behalf and others similarly situated,

       Plaintiff,

  against-

Rotunda Realty Corp.,
Sonia Essebag, an individual,
and Rose-Ann Weinstein, an individual,

       Defendants.

## Interrogatories

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

TO:
FEDER, KASZOVIZ, ISAACSON, WEBER,
SKALA, BASS & RHINE, LLP.
Attorneys for Defendants
750 Lexington Avenue
New York, New York 10022-1200
Tel. 212.888.8200